# McGookin's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

126

*Hugh Roberts*, for exceptant.

*Joseph A. Allen* and *Boyd Lee Spahr*, contra.

LAMORELLE, P. J., May 31, 1934.—Where a testator, as in the instant case, orders and directs his executor to sell and dispose of any or all of his real estate an equitable conversion follows, at least as to so much of the real estate as is necessary to pay the debts. The word "all" means *everything;* the word "any" means *some of;* the combination, however, means *enough,* and therefore all creditors, whether within the time limit they have brought suit in the court of common pleas to preserve their lien, are entitled, for the simple reason that the question of lien does not arise.

An examination of the will and a consideration of the arguments, oral and written, convinces us that testator intended his real estate to be liable for his debts in the event that the personalty was insufficient—and the personalty was insufficient. Testator directed the payment of his debts which, in itself, meant nothing. The residue he gave and devised unto four named persons, but they took subject to the clause which immediately followed the one first hereinabove referred to, wherein there was a direction to sell.

Whether or not those entitled after the payment of debts may take the real estate in kind is a matter not now before us.

We all agree with the rulings of the auditing judge and, inasmuch as exceptions third and fifth have been formally withdrawn, the others are dismissed, and the adjudication is confirmed absolutely.